[Doc. No. 5]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>              Plaintiff,<br><br>  v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED<br>IP ADDRESS 69.142.110.164,<br><br>              Defendant. | Civil No. 21-12769 (NLH/MJS) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Strike 3 Holdings, LLC's ("Plaintiff") motion for leave to serve a third-party subpoena prior to the Rule 26(f) scheduling conference. The Court has considered Plaintiff's submission and, pursuant to Federal Rule of Civil Procedure 78, has decided this motion without oral argument. Plaintiff's motion, subject to the conditions set forth herein, is **GRANTED**.

**Background**

Plaintiff, a limited liability company that claims ownership of certain United States copyright registrations, alleges that John Doe Defendant ("Defendant") illegally distributed Plaintiff's copyrighted works using the BitTorrent peer-to-peer filing sharing system, in violation of the Copyright Act, 17 U.S.C § 101 et seq.

1

See generally Compl. [Doc. No. 1]. Plaintiff asserts that it does not know the Defendant's identity; it knows only that the infringing acts alleged in the Complaint were committed using Internet Protocol ("IP") address 69.142.110.164. Pl.'s Br. at 3 [Doc. No. 5-1]. Accordingly, Plaintiff seeks leave to issue a subpoena, pursuant to Fed. R. Civ. P. 45, to the appropriate Internet Service Provider ("ISP"), Comcast Cable, in order to ascertain the name and address of the subscriber. Id. at 3.

Plaintiff argues that good cause exists to grant the requested discovery and that without it, Plaintiff will have no means to undercover Defendant's identity, to serve Defendant, and protect its copyrights. Id. at 4. Because Defendant has not yet been served, the motion is unopposed.

**Discussion**

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b). However, despite the broad scope of discovery, parties are generally barred from seeking discovery before the parties participate in a conference in conformance with Rule 26(f). See FED. R. CIV. P. 26(d)(1). Nonetheless, in certain circumstances, a court may "grant [a party] leave to conduct discovery prior to that conference[,]" considering "the entirety of the record to date and the reasonableness of the request in light of all the

2

circumstances." Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 100.1.21.32, No. 21-17863, 2021 WL 4623348, at *1 (D.N.J. Oct. 7, 2021) (citing Better Packages, Inc. v. Zheng, No. 05-4477, 2006 WL 1373055, at *2 (D.N.J. May 17, 2006)).

To determine if expedited discovery is appropriate, a court should apply the "good cause" test. Strike 3 Holdings v. Doe, No. 18-2674, 2020 WL 3567282 (D.N.J. June 30, 2020). "Good cause exists where 'the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" Id. at *4 (citation omitted). Further, a court should consider (1) the timing of the request in light of the formal start to discovery; (2) whether the request is narrowly tailored; (3) the purpose of the requested discovery; (4) whether discovery burdens the defendant; and (5) whether defendant can respond to the request in an expedited manner. See Better Packages, 2006 WL 1373055, at *3.

Plaintiff contends there is good cause for this Court to grant its motion because: (1) it makes a prima facie claim for direct copyright infringement, (2) the timing of its request in light of the formal start of discovery favors granting the relief; (3) it has narrowly tailored and identified the limited and specific information sought; (4) the purpose of the requested discovery and the need for the information sought in order to advance the claim favors granting relief; (5) the discovery does not burden Defendant

3

or require Defendant to respond in an expedited manner; (6) there are no alternative means to obtain Defendant's true identity; and (7) Defendant's privacy interest is outweighed by Plaintiff's interest in protecting its copyrights. Doc. No. 5-1 at 8-21.

The Court finds Plaintiff has demonstrated good cause to serve a Rule 45 subpoena on Comcast Cable prior to a Rule 26(f) conference. The information being sought is necessary to allow Plaintiff to identify the alleged copyright infringer and serve the Defendant. See e.g., Strike 3 Holdings, LLC, 2020 WL 3567282, at *11 (finding good cause to permit plaintiff limited expedited discovery); Manny Film LLC v. Doe Subscriber Assigned IP Address 50.166.88.98, 98 F. Supp. 3d 693, 696 (D.N.J. 2015) (finding good cause to allow plaintiff to discover the name and address of an IP subscriber); Strike 3 Holdings, LLC, 2021 WL 4623348, at *2 (same).

Plaintiff's brief further seeks the entry of a protective order and encloses a comprehensive proposed order for the Court's consideration. Doc. No. 5-1 at 21-24, 5-5. In Strike 3 Holdings, LLC, 2020 WL 3567282, this Court held "that entry of a limited protective order strikes the right balance of interest and that any concerns about misidentification or privacy exposure are easily assuaged through implementation of an appropriate protective order." Id. at *11. The Court, in that case, tasked the assigned Magistrate Judge's discretion with regard to "crafting a protective order that balances the Plaintiff's right to pursue its

4

claims and the concomitant right of access to court proceedings enjoyed by the public with the legitimate privacy interests it may later identify." Id.

Here, the Court adopts the protocol set forth in Manny Film LLC, 98 F.Supp.3d at 696 and Malibu Media v. John Does 1-18, No. 12-7643, 2013 U.S. Dist. LEXIS 155911, at *9-10 requiring the ISP to give notice to the subscriber in order to afford the subscriber an opportunity to challenge the subpoena before the ISP provides the information in accordance with the subpoena. The Court further adopts certain portions of Plaintiff's proposed protective order, as set forth below. To that end, Plaintiff shall not file, or seek leave to file, any amended pleading naming the identified Internet subscriber in place of the fictitious name designation prior to a Rule 16 Initial Conference in this case without leave from the Court or consent from the Internet subscriber. This, the Court believes, is consistent with its obligation to strike the appropriate balance between Defendant's privacy interests and Plaintiff's rights to protect its copyrighted material. See, e.g., Strike 3 Holdings, LLC v. Jon Doe Subscriber Assigned IP Address 71.245.115.104, No. 20-20170, Doc. 6 (Apr. 20, 2021). The Court, at this juncture, declines to adopt a specific protocol beyond that set forth below but notes that Plaintiff and Defendant, upon service, will have an opportunity to file any appropriate motions

in this case, consistent with the appropriate rules, which the Court will address, if needed.

Accordingly, **IT IS** on this **29th** day of **October, 2021** hereby:

**ORDERED** that Plaintiff's Motion [Doc. No. 5] seeking leave to serve a subpoena pursuant to Rule 45 prior to the Rule 26(f) conference is hereby **GRANTED**; and it is further

**ORDERED** that Plaintiff may serve a subpoena issued to Comcast Cable that is limited to requesting the name and address only associated with the IP address identified in the complaint, limited in scope to the time periods of the alleged infringing activity outlined in the complaint and exhibits thereto.[1] Plaintiff shall attach to any such subpoena a copy of this Opinion and Order. Under no circumstances is Plaintiff permitted to seek or obtain the telephone number(s), email address(es), or any other information associated with this individual through this subpoena; and it is further

**ORDERED** that Comcast Cable shall provide the Internet subscriber with a copy of this Order and a copy of any subpoena it receives from Plaintiff in this matter within twenty-one (21) days of receipt from the Plaintiff; and it is further

---

[1] If the ISP qualifies as a "cable operator," pursuant to 47 U.S.C. § 551(c)(2)(B), a cable operator may disclose said information "if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."

**ORDERED** that the Internet subscriber currently identified as John Doe subscriber in this action shall have 21 days from receipt of this Order and the subpoena to object to or move to quash the subpoena, move for a protective order, or seek other applicable relief.[2] If the Internet subscriber chooses to contest the subpoena, he/she/they must notify the ISP of his/her/their intent so the ISP is on notice not to release personal information to Plaintiff until the issue is resolved by the Court; and it is further

**ORDERED** that Comcast Cable shall not respond to any subpoena served in this case until the latter of the expiration of the twenty-one (21) day period set forth above or resolution of a motion to quash or for a protective order; and it is further

**ORDERED** that if the subscriber does not contest the subpoena within twenty-one (21) days of receipt of the subpoena and this Order, Comcast Cable shall provide Plaintiff with the requested information within ten (10) days of the expiration of that original twenty-one (21) days, unless the ISP seeks to contest the subpoena in its own right;[3] and it is further

---

[2] For purpose of contesting the subpoena, the Internet subscriber may file any such opposition under the fictitious John Doe identified named in the Complaint.

[3] Nothing in this Order shall be construed as limiting the ISP's right to oppose the subpoena.

7

**ORDERED** that Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint. Plaintiff shall not file, or seek leave to file, any amended pleading naming the identified Internet subscriber in place of the present fictitious name designation prior to a Rule 16 Initial Conference in this case without leave from the Court or consent from the Internet subscriber; and it is further

**ORDERED** for good cause the Court reserves the right to amend or supplement this Order.

s/ Matthew J. Skahill
MATTHEW J. SKAHILL
United States Magistrate Judge

At: Camden, New Jersey
cc: Hon. Judge Noel L. Hillman